United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10781
Conference Calendar

RAY MOORE,

                                        Plaintiff-Appellant,

versus

PAMELA T. STITES, Parole Officer; RONNIE FANNING, Unit
Supervisor; DONNELL POLLARD, Head Parole Supervisor; MICHAEL W.
HULL, Hearing Officer (Waco); CHARLES MARTIN, Hearing Officer
(Arlington); KEVIN STEPHEN, Parole Officer; DALTON DOMINGUE, Head
Parole Officer; VICTOR RODRIGUEZ, Board of Pardon and Parole
Division,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-173-P
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Ray Moore appeals the dismissal with prejudice under FED.
R. CIV. P. 12(b)(6) of his in forma pauperis 42 U.S.C. § 1983
suit against several parole and hearing officers for the Texas
Board of Pardons and Paroles. The district court granted the
defendants' motion to dismiss because the defendants were
absolutely immune from suit. Moore asserts conclusorily that the
defendants discriminated against him in applying policies and

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedures to him retroactively and complains that the district court did not examine "serious constitutional issue[s]" contained in his complaint. He does not identify those issues. Moore's brief does not touch upon the district court's reason for granting the defendants' motions to dismiss.

"An appellant's brief must contain an argument on the issues that are raised, in order that [this court] may know what action of the district court is being complained of." Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995). "There is no exemption for pro se litigants, though we construe their briefs liberally." Id. Because Moore has briefed no argument with respect to the district court's determination that the defendants are absolutely immune, he has waived any such argument. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

Moore's appeal is without arguable merit, see Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983), and it is DISMISSED as frivolous. 5TH CIR. R. 42.2. Moore is warned that any future frivolous filings will subject him to sanctions.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.